

**483**

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. C Winborn
Criminal District Attorney
Houston, Texas

Dear Sir:

Opinion No. 0-7104
Re: Can a clerk employed by a justice
of the peace accept a plea of guilty
in a criminal case and assess a fine
therein, in the absence of the jus-
tice of the peace?

We have received your recent inquiry, quoted in part as follows:

"There are some justices of the peace in this county who employ a clerk to take complaints, issue subpoenas, write judgments and perform other clerical duties. The question is: Can these clerks, in the absence of the justice, accept a plea of guilty and assess a fine?

"Some of these clerks have been pursuing this course, and the first time the Justice of the Peace would know that a fine had been assessed would be when the clerk informed him of it."

The statutes impose such duties on the "justice", "court or jury." See Articles 900-901, Code of Criminal Procedure.

The acceptance of a plea of guilty in a criminal case and the assessment of a fine therein is a judicial act, and, as such, must be performed by the officer or persons designated by law. For a discussion on the non-delegability of judicial powers see enclosed copy of Opinion No. 0-3743.

Therefore, we are constrained to answer the question propounded by you in the negative, i.e., a judgment so rendered by said clerk is void.

We point out that we are not called on here to pass upon the authority of such "clerk" to perform the named clerical duties.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.
Assistant

RLL:zd

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT